IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kipper Ken King, | ) C/A No. 0:11-03097-JMC-PJG |
|                 Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| SCDC; and Dr. P. Drago, | ) |
|                 Defendants. | ) |

Plaintiff, Kipper Ken King (Plaintiff), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names SCDC and an employee thereof as defendants.[1] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff states, "for months on end I ask for an HIV test, because I was being denied per Dr. Drago. He was not even documenting the issue I had presented the few times before I filed a [grievance]. With the [grievance] in he came and [scheduled] me a test." (ECF No. 1 at 4.) Plaintiff claims that he has "a good chance of having the HIV virus, per

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Page 1 of 8



Warden Knowlin," and that the "mal-practice of SCDC is [outrageous.]" (Id.) Plaintiff also states "I have HIV, there is "no question in my mind." (Id.) Plaintiff further complains of having only one pair of socks over a two month period and lack of lighting in his cell for "eight straight days," but fails to identify any individual responsible for these conditions. (Id.) Plaintiff, who alleges that the secret service has stolen his "HIV grievance," seeks monetary damages for the defendants' actions. (Id. at 5-6.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2]  28 U.S.C.

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



§ 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff has named one defendant, the South Carolina Department of Corrections, which is protected from a suit brought pursuant to § 1983 by the Eleventh Amendment.  The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. Edelman v. Jordan, 415 U.S. 651, 663 (1974).  Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in Hans v. Louisiana, 134 U.S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. State agencies and state instrumentalities, such as the South Carolina Department of Corrections, share this immunity when they are the alter egos of the state.  See Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997).



As the South Carolina Department of Corrections is protected by Eleventh Amendment immunity, this defendant is entitled to summary dismissal from the instant action.[3]

Next, Plaintiff styles his claim as a malpractice suit, (ECF No. 1 at 3-4), against the defendants. While Plaintiff's Complaint may be interpreted as an action for negligence, such a claim, in general, is not cognizable under 42 U.S.C. § 1983.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976);  Daniels v. Williams, 474 U.S. 327, 328-36 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) (applying Daniels and Ruefly: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct[.]"). Thus, Plaintiff's claims against Defendants SCDC and Dr. Drago for allegedly negligent medical treatment are subject to summary dismissal for failure to state a claim upon which relief may be granted.[4]

Further, to the extent Plaintiff is attempting to allege deliberate indifference to his medical needs, the Complaint provides insufficient facts to state such a clam.  Deliberate

---

[3] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases.  See Quern v. Jordan, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 & n.9 (1984). However, the State of South Carolina has not consented to such actions.  See S.C. Code Ann. § 15-78-20(e).

[4] Although claims of negligence and malpractice are actionable under South Carolina law, this court has no jurisdiction over the parties absent diversity or supplemental jurisdiction.  As the Plaintiff and both defendants are residents of the State of South Carolina, diversity jurisdiction is not present in the above-captioned case.  Further, as Plaintiff's allegations of federal constitutional violations are recommended for summary dismissal, the court should decline to exercise supplemental jurisdiction over any state law claims which may be found in the instant civil rights action.  See 28 U.S.C. § 1367(c)(3).



indifference is a very high standard, which requires more than a showing of mere negligence. See Estelle v. Gamble, 429 U.S. 97 (1976). Deliberate indifference also requires "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Farmer v. Brennan, 511 U.S. 825, 835-36 (1994). Based on these precedents, the issue is whether an inmate, who has suffered injury, has alleged that the prison official "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . . ." Ruefly v. Landon, 825 F.2d 792, 793 (4th Cir. 1987).

The instant Complaint does not allege facts demonstrating that either of the named defendants were deliberately indifferent to Plaintiff's medical needs. Plaintiff provides no facts to indicate that he suffers from any current medical symptoms or has any actual health issues. Nor does Plaintiff indicate that Defendants Dr. Drago or SCDC have been made aware of any actual medical condition suffered by Plaintiff or any known risk of harm. Instead, the Complaint alleges only that Plaintiff believes that he has contracted the human immunodeficiency virus ("HIV") based on a statement made by a Warden. (ECF No. 1 at 4.) Further, Plaintiff admits that an HIV test has been scheduled by Defendant Dr. Drago since Plaintiff filed his institutional grievance.[5] As such, Plaintiff's allegations do not set forth a claim of constitutionally inadequate medical care. Therefore, any claim of deliberate indifference to medical needs Plaintiff may be asserting against the defendants is also subject to summary dismissal.

---

[5] The Complaint states that Plaintiff's grievance was filed on September 1, 2011. (ECF No. 1 at 3.)



## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice. See 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim upon which relief may be granted); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 22, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).